IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-166-D

| | | |
|---|---|---|
| JD SOLAR SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRABANT SOLAR, INC., and | ) | |
| ROVSHAN SADE a/k/a ROB SADE, | ) | |
| | ) | |
| Defendants. | ) | |

On September 20, 2016, the court denied counsel's motion to withdraw as counsel for defendant Trabant Solar, Inc., and notified Trabant Solar, Inc. that it could not appear without counsel. See [D.E. 22]. On December 9, 2016, the court granted defendants' motion to stay the case and to allow Robert H. Merritt, Jr., and Jeffrey D. McKinney, of the law firm of Bailey & Dixon, LLP, to withdraw as counsel for defendants Trabant Solar, Inc., and Rovshan Sade. See [D.E. 28].

The December 9, 2016, order stayed the case "until the earlier of (i) a period of thirty (30) days; or (ii) such time as new counsel for Trabant enters an appearance . . . ." See id. Thirty days have passed, and no new attorney has filed a notice of appearance on behalf of Trabant Solar, Inc. The court lifts the stay of this case and orders Trabant Solar, Inc., to have counsel enter an appearance not later than March 3, 2017.

"[T]he parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. The right to conduct a case personally, however, does not extend to corporations, partnerships, or associations in federal court. "[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); see RZS

Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007). Defendant Becerra Enterprises, Inc., is a company and may not appear without counsel.

In sum, the stay of this case is lifted. If Trabant Solar, Inc. wishes to defend itself in this matter, it must have counsel enter an appearance not later than March 3, 2017. If Trabant Solar, Inc. fails to comply with this order, Trabant Solar, Inc. is WARNED that failure to secure counsel might result in the court striking the answer, affirmative defenses, and counterclaim. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 782–83 (E.D.N.C. 2004); Fed. R. Civ. P. 55.

SO ORDERED. This __3__ day of February 2017.

                                                JAMES C. DEVER III
                                                Chief United States District Judge